IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA,
ORLANDO DIVISION

| | |
|---|---|
| TAYLOR BARTLETT<br>　　　　Plaintiff,<br><br>vs.<br><br>GRAND BAHAMA CRUISE LINE, LLC<br>　　　　Defendant | Case No. _____<br>6:15-cv-1530-ORL-28DAB<br><br>CLASS ACTION<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT FOR DAMAGES AND INJUNCITVE RELIEF

1.　Plaintiff Taylor Bartlett brings this action against Defendant Grand Bahama Cruise Line, LLC pursuant to the Telephone Consumer Protection Act ("TCPA"), codified at 47 U.S.C. § 227 *et seq.* Defendant has made unsolicited, pre-recorded voice calls to Plaintiff's cellular telephone without prior express consent.

### PARTIES

2.　Plaintiff Taylor Bartlett is an adult resident citizen of Jefferson County, Alabama.

3.　Defendant Grand Bahama Cruise Line, LLC is a Florida corporation that regularly conducts business in this judicial district. Its principal office is located at 801 International Parkway, Lake Mary, Florida, and its registered agent for service of process is Bethany Worstell, 351 Lone Hill Drive, Altamonte Springs, Florida 32701.

### JURISDICTION AND VENUE

4.　This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under a federal statute, 47 U.S.C.A. § 227(b) *et al.*, and involves a question of federal law.

5. Venue is proper in this judicial district because Defendant's place of business is located in this judicial district, and a substantial part of the events giving rise to this case occurred in this judicial district.

## FACTUAL ALLEGATIONS

6. The Telephone Consumer Protection Act, codified at 47 U.S.C. § 227 *et seq.*, is intended to protect consumers against certain telemarketing practices. Among other things, the TCPA prohibits the use of automated telephone dialing systems without express consent unless in the event of an emergency. Defendant has violated the TCPA and, based upon reasonable investigation, the facts giving rise to Plaintiff's claims are representative of those of hundreds, and likely thousands, of consumers throughout the United States.

7. Defendant made calls to Plaintiff's cellular telephone (XXX-XXX-6630), using an automated dialing system, including during the week of August 17, 2015. Plaintiff is an account holder of, and exercised dominion and control over, this cellular telephone number. Plaintiff pays for cellular service to this number and incurs a charge when utilizing said coverage.

8. Upon answering Defendant's calls, Plaintiff would hear several seconds of "dead air" as Defendant's dialer system connected the call to Defendant's agent. Plaintiff has reason to believe that Defendant's automated dialing system has the capacity to store or produce telephone numbers to be called using a random or sequential number generator. Indeed, Plaintiff's cellular telephone number is listed with the federal do not call registry and Plaintiff has never expressed any interest in Defendant's product or company.

9. The purpose and intent of Defendant's calls was to promote the sale of cruises to destinations including Grand Bahama Island. Defendant used technology that allows it to hide its number on such calls, a practice the FTC refers to as caller ID spoofing. Initially, Plaintiff was

2

required to go through an automated system that used a pre-recorded, artificial voice. On a subsequent call, Plaintiff eventually spoke to Defendant's agent who identified himself as a "promotional director" and directed Plaintiff to Defendant's website "www.mygrandcuise.com." Defendant's calls were unsolicited, aggressive marketing calls that relied upon automated dialing systems and pre-recorded, artificial voices.

10. As recognized by the FTC, calling numbers on the federal do not call registry, using a pre-recorded sales message, and providing fake caller ID information are all indications that the call is a "robocall" as prohibited by the TCPA.

11. The calls Defendant makes are not for emergency purposes, nor did Plaintiff provide Defendant or its agent with prior express consent to make the calls. Defendant acted willfully and knowingly in its conduct; attempting to hide the fact that it was placing calls—or having its agent do so—which violate the TCPA in order to sell a product Plaintiff did not ask for and does not want. Plaintiff brings this complaint on his own behalf, and on the behalf of all others similarly situated, to stop Defendant's illegal conduct and to recover the statutory damages provided under the TCPA.

## CLASS REPRESENTATION ALLEGATIONS

12. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 and proposes the following class.

> All persons who reside in the United States (1) to whose cellular telephone number (2) Defendant placed (or caused to be placed) a non-emergency telephone call without express consent (3) using an automatic telephone dialing system or an artificial or pre-recorded voice (4) from September 11, 2011 through the date of class notice.

13. Excluded from both proposed classes are Defendant and its agents and employees,

3

and any judicial officer who presides over this case (including the immediate family and any staff member of such judicial officer).

14. Plaintiff maintains the right to create additional subclasses or classes, if necessary, and to revise these definitions to maintain a cohesive class that does not require individual inquiry to determine liability.

15. The exact number of class members is unknown to Plaintiff at this time, but such information can be ascertained through appropriate discovery, specifically from records maintained by Defendant and its agents. Upon information and belief, the number of putative members of each class exceeds 100 persons.

16. Defendant has acted on grounds which are generally applicable to the class in that it has, and continues to, place unlawful calls in violation of the TCPA. There is a substantial likelihood that such conduct will continue in the future if an injunction is not entered.

## EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW AND FACT

17. There are common questions of law and fact common and of general interest to the class. These common questions of law and fact predominate over any questions affecting only individual members of the class. Such common questions include, but are not limited to, the following:

   a. Whether Defendant used an automated telephone dialing system to place calls to class members' cellular telephones;

   b. Whether Defendant used artificial or pre-recorded messages on such calls;

   c. Whether Defendant violated the TCPA;

   d. Whether Defendant acted negligently; and

   e. Whether Defendant acted willfully and knowingly.

## TYPICALITY AND NUMEROSITY

18. The claims of the named Plaintiff are typical of the claims of the class. Upon information and belief, the total number of members of the putative class exceeds 100 members and is so numerous that separate joinder of each member is impracticable. Plaintiff believes the approximate size of the class to exceed 500 members.

## ADEQUATE REPRESENTATION

19. Plaintiff will fairly and adequately protect the interests of the members of the classes and have no interest antagonistic to those of other class members. Plaintiff has retained class counsel competent to prosecute class actions, and such class counsel is financially able to represent the class.

## SUPERIORITY

20. The class action is superior to other available methods for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impracticable. The interests of judicial economy favor adjudicating the claims for the Plaintiff classes rather than on an individual basis. The class action mechanism provides the benefit of unitary adjudication, economies of scale, and comprehensive supervision by a single court.

21. Questions of law and fact predominate over any questions affecting only individual members.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff adopts, re-alleges and incorporates each and every allegation set forth above as though fully set forth herein.

23. Defendant, either directly or through its agent and on its behalf, made telephone calls to the cellular telephone numbers of Plaintiff and each member of the putative class.

24. The cellular telephone numbers of Plaintiff and each member of the putative class are registered numbers to which Plaintiff and each member of the putative class exercise exclusive dominion and control.

25. Defendant made these calls using an automatic telephone dialing system or an artificial or prerecorded voice.

26. Defendant made these calls without the prior express consent of Plaintiff or any member of the putative class.

27. These calls were not made for emergency purposes.

28. Based upon the conduct alleged above, Defendant acted willfully and knowingly or acted negligently.

29. Plaintiff and each member of the putative class was damaged as a result and is entitled to seek recovery pursuant to 47 U.S.C. § 227(b)(3), including statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

1. $500 in statutory damages for each and every violation;

2. Injunctive relief;

3. $1,500 in statutory damages for each and every willful and knowing violation;

4. All other relief which the Court or jury deems equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial in the above captioned matter.

Respectfully submitted,

*/s Ryan Hobbs*
Ryan Hobbs (Florida Bar No. 0044179)
BROOKS, LEBOEUF, BENNETT, FOSTER & GWARTNEY, PA
909 East Park Avenue
Tallahassee, Florida 32301
Phone: 850.222.2000
Fax: 850.222.9757
rhobbs@tallahasseeattorneys.com

*Attorneys for Plaintiff*